# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RETHA C. WHITEHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01-0095-CV-SW-2-SSA-ECF |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 21).

On March 31, 2002, the United States District Court Clerk entered a final Order remanding this case to the Defendant for further administrative action, and a final judgment was rendered in this case pursuant to the fourth sentence of 42 U.S.C. § 405(g). On June 27, 2002, the Court awarded plaintiff's counsel $3,531.25 in fees pursuant to the EAJA, 28 U.S.C. § 2412. Upon remand to the Commissioner, Plaintiff received a fully favorable ALJ decision dated October 31, 2002, that found that plaintiff had been disabled since October 18, 1996. Total retroactive benefits in the amount of $69,795.00 were generated for the period March 1997 through October 2002. The Commissioner withheld twenty-five percent (25%) of the Plaintiff's retroactive benefits, or $17,448.75, for the payment of attorney fees. An attorney fee in the amount of $7,000 was approved for services provided before the Social Security Administration on April

25, 2005. The Commissioner is still holding $10,448.75 for the payment of attorney fees incurred at the judicial level.

Pursuant to § 206(b)(1) of the Social Security Act, 42 USC § 406(b)(1), Counsel seeks an attorney fee calculated as follows: $17,448.75 which represents twenty-five percent (25%) of the retroactive benefits generated less and except the following amounts: $7,000, which has already been paid to plaintiff's counsel for representation rendered at the administrative level; $3,531.25, which represents the amount of the *EAJA* attorney fee awarded to Counsel. This results in a net additional attorney fee in the amount of $6,917.50, which represents the remaining balance for the cost of legal services rendered at the judicial level [$17,448.75 – ($3,531.25) – ($7,000) = $6,917.50]. Plaintiff would receive a refund of $3,531.25, representing the amount of the *EAJA* attorney fee awarded to Counsel. Counsel moves this court to enter an order for a § 406(b) attorney fee in the amount of $10,448.75, pursuant to Section 206(b)(1) of the *Social Security Act*, 42 USC § 406(b)(1), payable as follows: a net additional attorney fee of $10,448.75 payable to Plaintiff's counsel, Sharon J. Meyers, of which $3531.25, representing the *EAJA* attorney amount already received by Counsel, will be refunded to Plaintiff as required by Roark v. Barnhart, 221 F.Supp.2d 1020 (W.D.Mo. 2002).

Defendant does not object to the amount of fees requested but asks that the Court include in its order a provision directing Plaintiff's counsel to refund the fees previously awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the same work. Because Plaintiff's counsel has already received attorney fees payable under the EAJA, defendant requests that the Court order counsel to refund the

2

smaller fee to Plaintiff.

 42 U.S.C. § 406(b)(1) states in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ..

In <u>Gisbrecht v. Barnhardt</u>, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), the Court discussed the meaning of the term "reasonable fee." The Court in that case stated:

> [W]e conclude, § 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. §406(b)(1)(A)(1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

<u>Id</u>. at 807, 122 S.Ct. 1817. The Court continued:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment, of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent fee cases.

Id. at 1828 (internal citations omitted).

In the instant case, plaintiff's counsel has provided the Court with a description of the time she spent working on the case as well as correspondence from the Social Security Administration regarding the amount of fees withheld and a copy of the ALJ's decision. Plaintiff's counsel spent a total of 28.25 hours working on this case. She is seeking an additional attorney fee of $6,917.50. When this is added to the EAJA fee already awarded, it amounts to a total of $10,448.75 for 28.25 hours or $373.17 an hour. However, plaintiff's counsel notes that when this rate is factored by 2.8, in order to reduce it to an equivalent hourly rate of non-contingent work based on the statistical likelihood of approval, then the equivalent hourly rate is $133.27 ($373.17/2.8 = $133.27). The Court finds that this is a reasonable rate for the services rendered. The Court further finds no reason to reduce the amount of the recovery sought. The Court notes that in Emerson v. Barnhardt, No. 03-2362-JWL, 2005 WL 1799217 (D.Kan. July 25, 2005), the Court approved a similar request for $7,705 in fees where the attorney expended 51.5 hours, equating to an hourly rate of slightly less than $150.00.

Accordingly, the Court hereby **GRANTS** plaintiff counsel's Motion for Attorney Fees (Doc. # 21) and approves a fee award of $10,448.75, pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), payable as follows: a net additional attorney fee of $10,448.75 payable to Sharon J. Meyers. The Court hereby

directs plaintiff's counsel to refund to plaintiff, $3,531.25 representing the EAJA attorney fee amount previously received by counsel.


Date: April 7, 2006                           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                                   United States District Judge